UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| PETER K. TRZYNA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 12 C 6072 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| SANDRA GIUFFRE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter K. Trzyna ("Trzyna") filed in the Circuit Court of Cook County a third-amended complaint against defendant Sandra Giuffre ("Giuffre"). Within thirty days thereafter, Giuffre removed the case to this court. Trzyna now moves to remand. For the reasons set forth below, the Court grants plaintiff's motion to remand.

### I.  Background

In the summer of 2010, Trzyna, who is an attorney, filed two suits in the Circuit Court of Cook County to recover unpaid legal fees. On June 24, 2010, Trzyna filed the first suit against Giuffre for legal fees Trzyna alleges that Giuffre incurred personally. Soon thereafter, Trzyna filed a second suit against Richard Nichol ("Nichol") for legal fees incurred by a dissolved entity called Giuffre Associates, LLC. The parties agree that Richard Nichol had signed on behalf of Giuffre Associates, LLC the engagement letter between Trzyna and Giuffre Associates, LLC. The parties also seem to agree that Giuffre and Nichol were both members of Giuffre Associates, LLC.

In one suit, Trzyna sought unpaid legal fees in the amount of $51,751.58, and, in the other, he sought $23,556.12. Thus, between the two suits, Trzyna claimed $75,307.70 in unpaid legal fees.

In state court, the parties marched through motion practice and discovery for nearly two years. Trzyna states that on May 23, 2012 (nearly two years after Trzyna filed the first suit), Nichol produced documents in discovery that, according to Trzyna "revealed that Giuffre was the real party in interest in the Nichol litigation." Specifically, Trzyna states that Nichol produced documents showing that Giuffre Associates, LLC had transferred its only assets to Giuffre. Trzyna states that Giuffre produced the same documents on June 15, 2012. Giuffre does not dispute this.

On July 3, 2012, Trzyna filed his third-amended complaint against Giuffre. In his third-amended complaint, Trzyna alleged two additional claims against Giuffre and, for the first time, sought damages of $75,109.58. Trzyna states that he also voluntarily dismissed his suit against Nichol.

On August 1, 2012, within thirty days after Trzyna filed his third-amended complaint, Giuffre removed the case to this court.

## II. Discussion

As the proponent of federal jurisdiction, Giuffre "bears the risk of nonpersuasion" and must present evidence that this Court has jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006).

In her removal papers, Giuffre states that she is a citizen of Connecticut, that Trzyna is a citizen of Illinois and that the amount in controversy is greater than $75,000.00. The parties

agree on these facts. The parties also agree that Giuffre removed the case more than one year after Trzyna filed his original complaint in the Circuit Court of Cook County.

The parties disagree about whether the removal statute allows Giuffre to remove the case, because they disagree about whether Trzyna acted in bad faith to prevent removal. Section 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Section 1446(c)(1) states:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith* in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1) (emphasis added). The statute gives an example of bad faith. It states:

> If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

28 U.S.C. § 1446(c)(3)(B).[1]

Giuffre argues that Trzyna acted in bad faith by filing two separate suits against two defendants rather than one suit against both. Giuffre argues Trzyna could have filed his claims against Nichol and against Giuffre in a single suit and that the reason Trzyna did not was to keep the case out of federal court. The Court does not think this is evidence of bad faith. Giuffre's argument assumes that Giuffre and Nichol would have been allowed to remove the suit to federal court had Trzyna filed the two separate suits as one. That is a bad assumption. It is not always

---

[1] Both parties ask the Court to apply the version of §1446 that went into effect December 2011 rather than the prior version.

the case that a plaintiff's damages against two separate defendants can be aggregated for purposes of determining the amount in controversy, so it is not necessarily the case that Giuffre could have removed the case initially had Trzyna sued Nichol and Giuffre in one suit. The rule is that "when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant." *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (quoting *Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001)). Trzyna did not allege that Giuffre and Nichol were jointly liable, and Giuffre does not argue that they were jointly liable. Giuffre has not convinced the Court that she could have removed the case sooner if Trzyna had sued both defendants in one suit. The fact that Trzyna sued the two separately is not evidence of bad faith.

Trzyna points out that the reason the amount in controversy increased with respect to his third-amended complaint is that he added two new claims against Giuffre. The reason he added two claims, he states, is that Giuffre and Nichol had recently produced documents that made him aware that Giuffre was the real party in interest in the Nichol suit. Giuffre does not dispute Trzyna's statement that she produced additional documents shortly before Trzyna filed his third-amended complaint. In essence, once Trzyna received those documents, he concluded that Giuffre was liable for the legal fees incurred by Giuffre Associates LLC (as well as the legal fees she had personally incurred), so Trzyna: (1) filed a third-amended complaint seeking all of the fees from Giuffre; and (2) dismissed his suit against Nichol. (Whether Trzyna is correct about who is liable and whether defendant is actually liable are not questions for this Court on this day.) It does not appear to this Court that Trzyna was deliberately trying to hide the amount in controversy in order to keep the case out of federal court.

Based on the above, the Court cannot conclude that Trzyna acted in bad faith in order to prevent Giuffre from removing the case to federal court. Because this Court has not found that Trzyna acted in bad faith, this case was not removable. Accordingly, this case will be remanded to the Circuit Court of Cook County.

## IV. Conclusion

For the reasons set forth above, the Court grants plaintiff's motion to remand. This case shall be remanded to the Circuit Court of Cook County, Chancery Division.

ENTER:

George M. Marovich
United States District Judge

DATED: November 2, 2012